IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHANTWANA JOHNSON**                                                                                              **PLAINTIFF**

**V.**                                                                                     **CAUSE NO. 3:11-CV-00086-CWR-FKB**

**CHERYL WARREN, COUPLES
NIGHTCLUB, PAM TURNER IN HER
INDIVIDUAL AND OFFICIAL                                                                                         DEFENDANTS
CAPACITIES, HINDS COUNTY, AND
MOORING TAX ASSET GROUP**

### ORDER GRANTING DISMISSAL FOR FAILURE TO STATE A CLAIM

The above-styled matter is before the Court on the renewed Motion to Dismiss [Docket No. 22] of Mooring Tax Asset Group. After having reviewed the pleadings and the arguments of both parties, the Court has concluded that the motion must be granted.

On January 5, 2011, Shantwana Johnson (hereinafter "Johnson") filed suit in Hinds County Circuit Court against five defendants, whom she contends are liable for injuries she alleges were sustained at the hands of a Hinds County sheriff's deputy on January 17, 2010, at a nightclub in Jackson, Miss. In time, the matter was removed [Docket No. 1] to federal court.

One of the defendants is Mooring Tax Asset Group (hereinafter "Mooring"), whom Johnson alleges "is the owner of the building and adjacent parking lot where [the nightclub] is located." State Court Record [Docket No. 1-1] at 5 (Complaint at 4).

Johnson has raised a total of six claims. Specifically, in her January 5 Complaint, Johnson alleged (1.) a series of constitutional violations under Title 42, Section 1983 of the United States Code; (2.) negligent hiring and supervision; and (3.) premises liability. Johnson later filed an Amended Complaint [Docket No. 21], in which she further alleged claims of (4.) excessive force

1

in violation of the Fourth Amendment; (5.) intentional and/or negligent infliction of emotional distress; and (6.) civil assault and battery.

Prior to the filing of Johnson's Amended Complaint, Mooring moved [Docket No. 3] for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After the Amended Complaint emerged, Mooring renewed the motion on May 20, 2011. In its first Motion to Dismiss, Mooring argued that just one of Johnson's original claims – specifically, that of premises liability – addressed Mooring's conduct and that Johnson had failed, as a matter of law, to state a cognizable claim against Mooring. First Motion to Dismiss at 3-4. In its Renewed Motion to Dismiss, Mooring contended that "[n]one of these new counts or claims are focused upon defendant Mooring," and therefore, that Mooring still was entitled to judgment as a matter of law on the energy of its first Rule 12(b)(6) motion. Renewed Motion at 1.

Johnson disagrees. In addition to the claim of premises liability stated in the original Complaint, Johnson avers that each of the three claims newly delineated in the Amended Complaint is "causally related to Defendant Mooring, as the underlying actions for the aforementioned counts occurred on Defendant Mooring's property." Plaintiff's Response in Opposition to Motion to Dismiss [Docket No. 23] at 2. For reasons herein explained, this admission is telling.

Motions made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure test the legal viability of a complaint. A court reviewing such a motion must afford "the assumption that all of the complaint's allegations are true," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), and determine whether the averments comprise a "plausible" right to recovery. *Id.* According to Rule 12(b)(6), a defendant is entitled to judgment as a matter of law if the

complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "[A] motion to dismiss under Rule 12(b)(6) serves the same function as a common law demurrer, i.e., it is used to challenge the legal sufficiency of the complaint." *Prepmore Apparel, Inc. v. Amalgamated Clothing Workers of Am.*, 431 F.2d 1004, 1006 (5th Cir. 1970) (citations and quotations omitted). Such a motion should be granted only if the complaint fails to illustrate a set of factual allegations under which no plausible right of relief exists. *Twombly*, 550 U.S. at 570 (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face.").[1]

The Mississippi Supreme Court recently revisited the general legal structure of a claim for premises liability built around an illegal act. Writing for a unanimous Court, Justice Kitchens observed that

> [t]o prevail, [the plaintiff] must demonstrate: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) damages; and (4) a causal connection between the breach and the damages, such that the breach is the proximate cause of the damages. Although not an insurer of an invitee's safety, a premises owner owes a duty to exercise reasonable care to protect the invitee from reasonably foreseeable injuries at the hands of another. Generally, criminal acts can be intervening causes which break the causal connection with the defendant's negligent act, if the criminal act is not within the realm of reasonable foreseeability. In premises liability cases, foreseeability may be established by proving that the defendant had (1) actual or constructive knowledge of the assailant's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence exists on the premises.

*Double Quick, Inc. v. Lymas*, 50 So. 3d 292, 298 (Miss. 2010).[2]

---

[1] Plaintiff's reliance on pre-*Twombly* cases, which looked to the pleading standard announced in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957), is misguided. *Twombly* has "retired" the *Conley* test for ruling on a Rule 12(b)(6) motion. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

[2] As in the situation in this case, a federal court sitting in diversity must apply state substantive law. *Times-Picayune Pub. Corp. v. Zurich Am. Ins. Co.*, 421 F.3d 328, 334 (5th Cir. 2005) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). In such instances, state law is not merely persuasive as urged by the Plaintiff, *see* Plaintiff's

Therefore, in order to state a claim against a property owner under a theory of premises liability for the criminal acts of a third party, a plaintiff must allege that the property owner foresaw or reasonably should have foreseen the injury. Only then does the property owner's duty of reasonable care arise.

Moreover, under the pleading requirements discussed in *Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009), "the pleading standard . . . does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

With regard to Mooring, Johnson's Amended Complaint does not survive this requirement. Johnson does not contend that Mooring directly injured her; rather, her only theory of recovery rests on the contention that "Defendant Mooring is the owner of the building and adjacent parking lot where Couples Nightclub is located." Am. Complaint at 4. Specifically, Johnson claims that "Mooring failed to maintain its premises in a safe and reasonable manner, by knowingly and purposefully leasing the building to" the nightclub's owner. Am. Complaint at 4. Johnson does not contend that Mooring knew that the premises were unsafe; she alleges merely that she suffered injuries on premises owned by Mooring and, therefore, that Mooring is liable. *See* Pl. Resp. in Opp. at 2 ("[T]he underlying actions for the aforementioned counts occurred on Defendant Mooring's property."). In and of themselves, such averments do not announce a claim of premises liability.

In contrast, in Johnson's view, when the nightclub's owner and the club itself hired

---

Memorandum of Law[ ] in Opposition to Defendant Mooring Tax Asset Group's Motion for Summary Judgment [Docket No. 9] at 3 n.1; it is binding.

Turner, they "knew, or reasonably should have known, that [the sheriff's deputy] had a violent nature and propensity to assault individuals without provocation" and that the deputy had a "previous history of assaulting individuals." Am. Complaint at 3. The Amended Complaint before the Court provides no such allegations of fact against Mooring stating a claim of relief for Plaintiff.

Johnson's averment fundamentally fails to allege either that Mooring "had (1) actual or constructive knowledge of the assailant's violent nature[ ] or (2) actual or constructive knowledge that an atmosphere of violence exists on the premises." *Lymas*, 50 So. 3d at 298. *See also Davis v. Christian Bros. Homes of Jackson, Mississippi, Inc.,* 957 So. 2d 390, 401 (Miss. Ct. App. 2007) ("[T]he criminal acts of a third party may be deemed reasonably foreseeable if the premises owner had cause to anticipate such acts."). And lacking such an assertion, Johnson fails to complain that Mooring owed a duty of reasonable care.

Therefore, having failed to state a valid claim against Mooring, the Renewed Motion to Dismiss [Docket No. 22] is granted. The original Motion to Dismiss [Docket No. 3] is dismissed as moot.

SO ORDERED this Thirtieth day of June 2011.

                                                          /s/ *Carlton W. Reeves*
                                                       Hon. Carlton W. Reeves
                                                       United States District Court Judge