**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**SHANTWANA JOHNSON**                                                    **PLAINTIFF**

**V.**                                                    **CAUSE NO. 3:11-CV-00086-CWR-FKB**

**PAM TURNER IN HER INDIVIDUAL**
**AND OFFICIAL CAPACITIES AND**                                  **DEFENDANTS**
**HINDS COUNTY, MISSISSIPPI**

**ORDER**

The above-styled matter is before the Court on the Motion to Strike Plaintiff's Affidavit,[1]

which concerns the affidavit of plaintiff Shantwana Johnson filed in response to the defendants'

dispositive motions.[2] The Court has reviewed the defendants' motion and the affidavit in

question and, after due consideration, has concluded that the motion must be granted in part and

denied in part.

This case concerns an alleged attack by a Hinds County sheriff's deputy against a night

club patron in January 2010.[3] The patron, Shantwana Johnson, ultimately brought suit against

Pam Turner, purportedly the aforementioned sheriff's deputy, and Hinds County, Mississippi, as

well as a third defendant who since has been dismissed[4] and two others who were dismissed by

---

[1] Motion to Strike Plaintiff's Affidavit [Docket No. 65].

[2] Hinds County, Mississippi's Motion for Summary Judgment [Docket No. 45]; Hinds County, Mississippi's Motion for Summary Judgment [Docket No. 47]; Pam Turner's Motion for Summary Judgment [Docket No. 49]; Pam Turner's Motion for Summary Judgment [Docket No. 51].

[3] *See* Order Granting Dismissal for Failure to State a Claim [Docket No. 25] at 1.

[4] *See* State Court Record [Docket No. 1-1] at 2.

stipulation.[5] After the remaining defendants filed dispositive motions on December 1, 2011,[6]

Johnson submitted her affidavit on December 28, 2011, wherein Johnson averred as follows:

1.  My name is Shantwana Johnson.
2.  On or about January 17, 2010, I was in the parking lot of Couples Nightclub in Jackson, Mississippi.
3.  I was sitting in my car, along with a friend of mine, who was in the passenger seat.
4.  While in sitting [*sic*] in my car, my friend and I were conversing with another friend who was in the parking lot.
5.  As my friend and I conversed with said acquaintance, I was approached by an African American woman wearing a Hinds County deputy uniform.
6.  The deputy approached my vehicle, and began using obscenities, while telling me to move my car.
7.  Just as I was about to move my vehicle, another acquaintance approached my car on the passenger's side, and began conversing with the friend in my car.
8.  The deputy again approached my vehicle, began cursing at [*sic*] once more, then reached inside of [*sic*] my driver's my driver's side window, and punched me in the face, injuring my left eye, and causing me severe bodily harm.
9.  The deputy continued cursing at me, and attempted to provoke me into fighting her.
10. The deputy also threatened to "blow my brains out" while gesturing and/or motioning toward her gun, causing me significant mental and emotional distress.
11. On the night in question, I verbally reported the deputy's actions to two police officers, believed to be employed with the Jackson Police Department.
12. On the night in question, I sought treatment for the injuries the deputy inflicted upon me at the emergency room of the Mississippi Baptist Medical Center.
13. I aver that subsequent to the aforementioned encounter, I was informed that the subject deputy who caused me harm was Deputy Pamela Turner.
14. As a result of the subject incident, I filed a formal complaint against Deputy Turner, and provided a statement regarding the incident to Officer Gibson with the Jackson Police Department.
15. I aver that during the subject incident, I, in no way, assaulted or threatened Deputy Turner.

---

[5] Stipulated Agreement Dismissing Defendant Cheryl Warren and Couples Nightclub and Dismissing Counterclaim Against Shantwana Johnson [Docket No. 41].

[6] *Supra* at n.2.

16.     I aver that all of the foregoing statements are true and accurate to the best of my knowledge and recollection.[7]

Two days later, Hinds County and Turner moved to strike Johnson's affidavit in full or, alternatively, in part.

## ANALYSIS

The defendants' motion to strike takes root in Rule 56(c)(4) of the Rules of Civil Procedure, which provides that "[a]n affidavit . . . used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." According to the defendants, the entirety of Johnson's affidavit fails to meet this requirement because "it does not recite that the affiant is competent to make the sentences contained therein" and "it does not recite that the Plaintiff has personal first-hand knowledge of the information contained therein."[8] Alternatively, the defendants identify several specific portions of the affidavit that should be stricken because, in the defendants' view, they would be inadmissible at trial.

As Hinds County and Turner correctly contend, a court considering a summary judgment motion cannot rely on an affidavit when its averments are not based on personal knowledge.[9] But the Fifth Circuit Court of Appeals has been clear that there is no "magic words" requirement to

---

[7] Affidavit in Opposition to Defendant Pam Turner's Motion for Summary Judgment [Docket No. 61]. The same affidavit was filed three other times, which each styling referring to a separate dispositive motion. This repetition was unnecessary; counsel could have filed the affidavit once and simply referred to it as necessary.

[8] Memorandum in Support of the Defendants' Motion to Strike Plaintiff's Affidavit [Docket No. 66] (hereinafter "Defendants' Brief") at 2.

[9] *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992).

demonstrate personal knowledge of the affiant.[10]  The defendants have overlooked this line of cases and instead offer several cases in support of the argument, but none is on point. In *Watts v. The Kroger Company*, for example, the Fifth Circuit affirmed a district judge's rejection of affidavits that "were signed[ ] but were not sworn, notarized, or in the form of affidavits." None of those failings afflicts Johnson's affidavit: its preamble reflects that she was sworn, its conclusion bears the seal of a notary public, and the document is presented in the form of a traditional affidavit.

The defendants offer other decisions as well, but only in support of the broad principle that opposition to a motion for summary judgment must be supported by admissible evidence.[11] That point is not in dispute. The more specific point is whether an affidavit lacking the magic words "competent statement based on personal knowledge" must be ignored by a trial court considering a motion for summary judgment. That question clearly is answerable in the negative. Therefore,  the affidavit shall not be stricken in its entirety.

Hinds County and Turner also attack four specific paragraphs within Johnson's affidavit.

---

[10] *See, e.g.*, *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529-30 (5th Cir. 2005) (collecting cases for the proposition that there are no "magic words" necessary to demonstrate personal knowledge and finding that an affidavit was not decision for failure to state that it was based on personal knowledge when personal knowledge was reasonably inferred from the affiant's position with the plaintiff corporation); *Whitehead v. Pilgrim's Pride Corp.*, 2006 WL 220834 *2 (W.D. La. Jan. 27, 2006) ("The law in the Fifth Circuit is clear: An affiant is not required to state he has personal knowledge and is competent when it otherwise appears to the court that the affiant does have personal knowledge and is competent."); *Biliouris v. Sundance Res., Inc.*, 2010 WL 1541500 *3 (N.D. Tex. April 15, 2010) (personal knowledge may be reasonably inferred "from the 'nature of their participation in the matters to which they swore.'") (quoting *DIRECTV, supra*). Obviously, Johnson was speaking about her own participation in the events.

[11] Defendants' Brief at 3.

According to the defendants, Paragraph 8[12] "is a wholly self-serving, conclusory statement which does not rely on record evidence." The defendants offer no authority in support of this argument, and the statement does not include an impermissible legal conclusion.[13] Moreover, the defendants offer no caselaw establishing a requirement that matters relayed in affidavits must enjoy additional support elsewhere in the record. Therefore, Paragraph 8 shall not be stricken.

The defendants also attack the admissibility of Paragraph 9,[14] and they contend that the statement amounts to "an inadmissible characterization of the feelings and/or motivation of a person other than the affiant upon which the affiant is legally incompetent to testify about pursuant to [Rule 602]."[15] Johnson argues that by averring that Turner "attempted to provoke [Johnson] into fighting [Turner]," Johnson offered a present-sense impression, which is excepted from the hearsay rule.[16] Although the defendants' objection to this statement is not based on hearsay, Johnson's response rightly implies that she is competent to testify about Turner's actions because she witnessed them. "Evidence is inadmissible under [Rule 602] only if in the proper

---

[12] "The deputy again approached my vehicle, began cursing at [sic] once more, then reached inside of [sic] my driver's my driver's side window, and punched me in the face, injuring my left eye, and causing me severe bodily harm."

[13] *Contra Hubbard v. Yazoo City, Miss.*, 2011 WL 2692972, **4-5 (S.D. Miss. 2011) (affidavit containing a bare representation, without any apparent suggestion that the affiant had personal knowledge of the matter represented, was purely conclusory).

[14] "The deputy continued cursing at me, and attempted to provoke me into fighting her."

[15] Federal Rule of Evidence 602 establishes that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703."

[16] Fed. R. Evid. 803(1).

5

exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testified to."[17] As a witness to the conflict with Turner, Johnson is competent under Rule 602 to offer testimony about her observations. Therefore, the portion of the defendants' motion arguing to the contrary shall be denied.

The defendants also object to the admissibility of Paragraph 13,[18] which in their view constitutes inadmissible hearsay. In response, Johnson claims that Turner's involvement in the incident is an undisputed fact,[19] but even if that suggestion were true, it would not change the fact that Paragraph 13 offers a statement uttered by someone other than Johnson and does so to prove the truth of the matter asserted.[20] The paragraph is inadmissible hearsay and must be stricken.[21]

---

[17] *Hallquist v. Local 276, Plumbers & Pipefitters Union, AFL-CIO*, 843 F.2d 18, 24 (1st Cir. 1988). *See also Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) ("Under the personal knowledge standard, an affidavit is inadmissible if the witness could not have actually perceived or observed that which he testifies to.") (quotations omitted).

[18] "I aver that subsequent to the aforementioned encounter, I was informed that the subject deputy who caused me harm was Deputy Pamela Turner."

[19] Turner and Hinds County disagree. Rebuttal in Support of the Defendants' Motion to Strike Plaintiff's Affidavit [Docket No. 71] at 4 ("It is not disputed that Pam Turner was at the location in issue on the night in question. However, Turner has adamantly denied ever using force of any kind upon the Plaintiff as alleged in the Complaint.").

[20] Fed. R. Evid. 801(c).

[21] If someone else "informed" Johnson that Turner was the deputy who assaulted her, then subject only to delineated exceptions, Johnson's attempt to relay that statement is hearsay, and the Court is left with no choice but to strike the provision. However, other record evidence suggests that this might be the result of inartful draftsmanship. In particular, the Court has reviewed the affidavit of Pam Turner sworn out shortly after the incident in question. Exhibit C to Plaintiff's Response in Opposition to Defendant Pam Turner's Motion for Summary Judgment [Docket No. 53-3]. According to Turner's affidavit, which might be the basis of information as to how Johnson learned of Turner's identity, Johnson was arrested after she "refused to leave [illegible] after causing a disturbance at a party." This account corresponds reasonably well with Johnson's description of the moments leading up to the alleged assault and would lend itself to a

6

Finally, the defendants attack Paragraph 15,[22] which Hinds County and Turner contend is a statement offered without personal knowledge, but they do not explain how Johnson is incompetent to testify as to whether she assaulted Turner or made a threat against Turner. Presumably, the defendants mean to argue that Johnson is not competent to testify as to whether Turner *felt* threatened, but that is another matter that is unaddressed by Johnson's affidavit. Paragraph 15 shall not be stricken.

## CONCLUSION

Hinds County and Turner have offered no compelling reason to strike Johnson's affidavit in its entirety. Likewise, the challenges against Paragraphs 8, 9, and 15 are not compelling. Therefore, to the extent that the defendants' motion to strike[23] voices these objections, the motion is denied in part. However, to the extent that the motion challenges Paragraph 13, the Court agrees that the statement is inadmissible hearsay. To that extent, the motion is granted in part.

SO ORDERED this Seventh day of March 2012.

/s/ *Carlton W. Reeves*

Hon. Carlton W. Reeves
United States District Court Judge

---

reasonable inference that Turner is, in fact, the deputy of whose conduct Johnson complains. Moreover, Turner's deposition, a portion of which has been submitted to the Court in support of Pam Turner's Motion for Summary Judgment [Docket No. 51-3], confirms an encounter between Turner and Johnson at Couples nightclub on the night of January 17, 2010, "the only time she ever met [Johnson]." *Id.* at 39. Therefore, even in the face of the Court's decision to strike Paragraph 13, it seems extremely unlikely that the record could support the conclusion that Turner has not been identified as Johnson's alleged assailant.

[22] "I aver that during the subject incident, I, in no way, assaulted or threatened Deputy Turner."

[23] Motion to Strike Plaintiff's Affidavit [Docket No. 65].