IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHANTWANA JOHNSON**                                                               **PLAINTIFF**

**V.**                                                       **CAUSE NO. 3:11-CV-00086-CWR-FKB**

**PAM TURNER IN HER INDIVIDUAL**
**AND OFFICIAL CAPACITIES AND**                                                  **DEFENDANTS**
**HINDS COUNTY, MISSISSIPPI**

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

The above-styled matter is before the Court on the motion for summary judgment[1] of defendant Hinds County, Mississippi, and the nearly identical motion of defendant Pam Turner.[2] The Court has reviewed the briefs of the defendants and of the plaintiff, Shantwana Johnson, and after due consideration has concluded that Hinds County's motion must be granted in full and that Pam Turner's motion must be granted in part and denied in part.

On January 17, 2010, Hinds County Sheriff's Deputy Pamela Turner was on duty and patrolling in Jackson, Mississippi, in an attempt to execute an arrest warrant.[3] Turner's patrol brought her to Couples Nightclub. For reasons that are in dispute – Turner claims that Johnson's

---

[1] Hinds County, Mississippi's Motion for Summary Judgment [Docket No. 45]; Hinds County, Mississippi's Motion for Summary Judgment [Docket No. 47]. The two motions are identical, as are their accompanying memoranda [Docket Nos. 46, 48]. Therefore, this order refers to the memoranda singularly and collectively as "Hinds County's Brief."

[2] Pam Turner's Motion for Summary Judgment [Docket No. 51]. Like Hinds County, Turner has submitted two identical memoranda. *See* Pam Turner's Motion for Summary Judgment [Docket No. 49]. Like those of Hinds County, Turner's memoranda are referred to herein singularly and collectively as "Turner's Brief."

[3] Exhibit C to Hinds County's Motion for Summary Judgment [Docket No. 45-3] at 10-11 (Deposition of Pamela Turner at 39-40).

1

car was blocking traffic,[4] while Turner argues that she was not[5] – Turner and Johnson encountered one another in the nightclub parking lot. According to Johnson, Turner punched Johnson in the face without provocation;[6] in stark contrast, Turner claims that it was Johnson who initiated the contact, which was not a punch but actually was a brief bump between their two bodies.[7]

In January 2011, Johnson filed suit in state court against Hinds County, Turner in her official and individual capacities, and other defendants who are no longer parties to the matter;[8] she later filed an Amended Complaint[9] on May 13, 2011. As to Hinds County, Johnson alleged violations of due process and equal protection pursuant to Title 42, Section 1983 of the United States Code,[10] excessive force in violation of the Fourth Amendment,[11] and intentional and/or negligent infliction of emotional distress.[12]

---

[4] Deposition of Pamela Turner at 50.

[5] Plaintiff's Response to Hinds County, Mississippi's Motion for Summary Judgment [Docket No. 58] (hereinafter "Plaintiff's Brief") at 5.

[6] Affidavit in Opposition to Defendant Pam Turner's Motion for Summary Judgment [Docket No. 61].

[7] Deposition of Pamela Turner at 51.

[8] State Court Record [Docket No. 1-1] at 2.

[9] Amended Complaint [Docket No. 21].

[10] Amended Complaint at 3.

[11] Amended Complaint at 4.

[12] Amended Complaint at 4-5.

## STANDARD OF REVIEW

Although motions for summary judgment are filed frequently, not every case is suitable for such disposition. Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[13] When confronted with these motions, this Court focuses on "genuine" issues of "material" facts. An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgement, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party."[14] A fact is material if it is one which might affect the outcome of the suit under the governing law.[15] Factual disputes that are irrelevant or unnecessary will not be considered.[16] Likewise, unsubstantiated assertions are not competent summary judgment evidence.[17]

The jury has the responsibility to assess the probative value of the evidence. As a consequence, a court must step back and refrain from making credibility determinations, and it must not weigh evidence or draw from the facts legitimate inferences for the movant.[18] This

---

[13] Fed. R. Civ. P. 56(c).

[14] *Zisman v. Mason*, 2008 WL 879726, *3 (S.D. Miss. 2008) (citing *Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

[15] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[16] *Id*.

[17] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

[18] *Strong v. Dep't of Army*, 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005).

Court is ever mindful that although a useful device, summary judgment "must be employed cautiously because it is a final adjudication on the merits."[19]

## ANALYSIS

**Johnson's Section 1983 Claims Against Hinds County.** In order to hold a municipality liable under Section 1983, a plaintiff must show that the constitutional deprivation in question resulted from an official policy.[20] To satisfy this demand, Johnson points to "Hinds County['s] policy of allowing off-duty officers to intercede in private matters when there is no criminal activity occurring . . . ."[21] But this proffer does not satisfy the official-policy requirement. In order to trigger Section 1983 liability against a municipality, the policy in question must proximately cause of the plaintiff's constitutional injury.[22] It cannot seriously be argued that Hinds County's practice of allowing off-duty officers to intercede in private disputes led to

---

[19] *Jackson v. Cain*, 865 F.2d 1235, 1241 (5th Cir. 1989); *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991).

[20] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978).

[21] Plaintiff's Brief at 7. The Court is deeply skeptical that this suggestion satisfies the plaintiff's burden to offer substantive evidence of an official policy. The defense offers no true rebuttal to the suggestion, so for purposes of this Order, the Court will assume that the policy exists. However, it is elementary that the burden of proof rests with a plaintiff and that each element of a claim must be supported by evidence. To put it another way, the plaintiff cannot merely argue that a policy exists but must provide evidence of its existence. A review of the record leaves the Court less than convinced that burden has been satisfied. However, indulging the assumption does not change the result of the ultimate issue, and therefore, the Court assumes that the policy exists.

[22] *Worsham v. City of Pasadena*, 881 F.2d 1336, 1342 (5th Cir. 1989) ("[A] city may be liable if the city employee violates federal law, and a city policy, whether enshrined in positive law or resulting from practice custom or usage, proximately causes the violation of federal law.").

whatever constitutional injury Johnson suffered.[23] Moreover, the record is devoid of evidence suggesting that Turner was off-duty; she testified unequivocally during her deposition that she was on official business, and no evidence contradicts that account.[24] Therefore, no policy concerning off-duty officers would even be relevant to Turner's conduct during the moments in question.

Johnson's Section 1983 claim therefore fails.

**Johnson's Excessive-Force Claim Against Hinds County.** Assuming that Johnson's claim for excessive force takes root in Section 1983,[25] it fails for the same reason as the claim alleging denials of equal protection and due process: namely, that Johnson has failed to identify an official policy that led to the constitutional violation she alleges. Even if it exists, Hinds County's policy of permitting off-duty officers to intervene in private disputes was not the proximate cause of any injuries Johnson suffered, and moreover, Turner was not off-duty at the time of her encounter with Johnson.

The excessive-force claim therefore fails.

**Johnson's State-Law Claims Against Hinds County.** The Mississippi Tort Claims Act

---

[23] Additionally, it would be folly to declare that off-duty law enforcement officers have a *de facto* duty to abstain from their sworn duties to serve and protect simply because they are not "on the clock."

[24] Deposition of Pamela Turner at 50.

[25] When a plaintiff seeks civil recovery from government agents for violations of the Constitution, the claim must invoke Section 1983. *Berger v. City of New Orleans*, 273 F.3d 1095, *1 (5th Cir. 2001). Although the section of the Amended Complaint addressing the claim for excessive force explicitly "incorporates and adopts all prior paragraphs, averments, and statements," including a previously stated claim under Section 1983, the claim for excessive force invokes only the Fourth Amendment and does not address the statute.

5

provides, in relevant part, that

> an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.[26]

Accepting as it must Johnson's version of the account, there can be no doubt that Turner's conduct would have constituted simple assault.[27] Because the conduct constituted a criminal offense, Hinds County is immune under the MTCA. Johnson's state-law claims therefore fail.

**Punitive Damages Against Hinds County.** Finally, Johnson is not entitled to punitive damages against Hinds County because none of her claims against Hinds County are viable.[28] Even if that were not the case, the Supreme Court has established that Section 1983 will not expose a political subdivision to punitive damages.[29] Therefore, the claim for punitive damages fails.

**All Claims Against Turner in Her Official Capacity.** "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is

---

[26] Miss. Code Ann. § 11-46-5(2).

[27] *See* Miss. Code Ann. § 97-3-7(1) ("A person is guilty of simple assault if he . . . attempts to cause or purposely, knowingly or recklessly causes bodily injury to another[.]").

[28] *Arcadia Farms Partnership v. Audobon Ins. Co.*, 77 So. 3d 100, 103 (Miss. 2012) (a plaintiff's inability to recover compensatory damages "render[s] it unable to recover punitive damages as well").

[29] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

6

an agent[.]"[30] In the case at hand, the suit brought against Turner in her official capacity is, for all intents and purposes, a suit against Hinds County. Because Johnson is unable to recover against Hinds County, she likewise is unable to recover against Turner in her official capacity, and all claims so pled fail.

**All Claims Against Turner in Her Individual Capacity.** However, a genuine issue of material fact remains as to the claims against Turner in her individual capacity. Johnson has her version of the story, and Turner has hers; this is a classic dispute of fact, and such questions must be left to a jury.

Moreover, the doctrine of qualified immunity is of no use to Turner. "The touchstone of this [qualified immunity] inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law."[31] Johnson alleges that Turner approached her without provocation and, without warning, punched her in the face; additionally, Johnson has supported that allegation with competent evidence in the form of her sworn affidavit.[32] Such behavior, if true, is not the sort of "reasonabl[e] but mistaken[ ]"[33] constitutional violation for which officials enjoy qualified immunity, as no reasonable law enforcement officer would believe such behavior to

---

[30] *Pepper v. City of Jackson, Mississippi*, 2011 WL 1466401, *4 (S.D. Miss. April 18, 2011) (quoting *Monell*, 436 U.S. at 690 n.55).

[31] *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5t Cir. 2000).

[32] Affidavit in Opposition to Defendant Pam Turner's Motion for Summary Judgment [Docket No. 61].

[33] *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

comport with the Constitution.[34]

A triable, genuine issue of material fact exists as to Johnson's claims against Turner in her individual capacity.

## CONCLUSION

Each of Johnson's claims against Hinds County fails, and therefore, Hinds County is entitled to judgment as a matter of law. Hinds County's motion for summary judgment[35] is granted.

Likewise, Johnson's claims against Turner in her official capacity fail as a matter of law, and to that extent, Turner's motion for summary judgment[36] is granted in part. However, a dispute of fact exists as to Johnson's claims against Turner in her individual capacity. Therefore, as to Turner in her individual capacity, the motion for summary judgment is denied in part.

SO ORDERED this Twenty-Ninth day of March 2012.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[34] *See, e.g.*, *Pepper*, 2011 WL 1466401 at *4-5.

[35] Hinds County, Mississippi's Motion for Summary Judgment [Docket No. 45].

[36] Pam Turner's Motion for Summary Judgment [Docket No. 51].